UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-102-HRW

JULIE F. SEXTON,                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for supplemental security income benefits on May 9, 2001, alleging disability beginning on June 15, 1996, due to arthritis, memory difficulty and depression (Tr. 74, 80).  This application was denied initially and on reconsideration.  Plaintiff failed to appear at her initial hearing.

She did, however, appear and testify at a supplemental hearing in April 2003. In a decision dated May 6, 2003, Administrative Law Judge Charlie Paul Andrus found Plaintiff to be disabled (Tr. 194-200).

However, the Appeals Council took review of the claim and determined that the finding of disability was not supported by substantial evidence (Tr. 214-218).

Thereafter, Plaintiff's claim was remanded and a new hearing scheduled. After several delays, on August 4, 2005, an administrative hearing was conducted by Administrative Law Judge Ronald M. Kayser (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Ralph Crystal, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without

2

further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 10, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 20-29).

Plaintiff was 53 years old at the time of the hearing decision (Tr. 29). She has a seventh grade education and past relevant work as a housekeeper(Tr. 21, 70, 86, 116, 118).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 9, 2001 (Tr. 27).

The ALJ then determined, at Step 2, that Plaintiff suffered from low average to borderline intellectual functioning, depressive disorder, NOS and arthritis / degenerative joint disease, which he found to be "severe" within the meaning of the Regulations (Tr. 28).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28).

The ALJ further found that Plaintiff could not return to her past relevant

work (Tr. 28) but determined that she had residual functional capacity ("RFC") to perform the full range of light work, with some exertional and nonexterional limitations (Tr. 28).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 4, 2006 (Tr. 7-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In support of her appeal, Plaintiff contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Donald Blair.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431,

5

435 (6th Cir. 1985)(citations omitted).

In this case, in two assessments of the Plaintiff's capacity to perform work related activities, dated August 2003 and July 2005, Dr. Blair assigned such extreme limitations that, if adopted, would preclude Plaintiff from performing even the minimal exertional requirements of sedentary work (Tr. 167-172, 250-252). However, as the ALJ found, Dr. Blair's opinion is not sufficiently supported.  First, Dr. Blair's own treatment notes are not consistent with such marked limitation. Further, the record is devoid of diagnostic or laboratory findings which support his opinion.  Indeed, the other assessments of record do not corroborate Dr. Blair's opinion.   Finally, Plaintiff's own testimony and statements in the record regarding her daily activities belies an allegation of disabling impairment.   For example, during an February 16, 2004 evaluation by  Robert Fitz, Ph.D., a clinical psychologist, Plaintiff described her daily activities which included managing her public assistance payments, getting her three grandchildren ready for school, grocery shopping, cooking, sweeping, mopping, doing laundry and dishes, dusting, sewing, caring for a pet and reading science fiction books (Tr. 185).  Plaintiff specified that she performs most of the household chores on her own (Tr. 185). Plaintff reported a similar regimen to George Tapp, Ph.D. in his October 2002 consultative evaluation (Tr. 160-165).

In reviewing Dr. Ftiz' assessment, the ALJ described Plaintiff's regimen of daily activities as "robust" (Tr. 24). At a minimum, these activities reflect the capacity to perform work at the most basic level and contradict Dr. Blair's opinion.

Based upon the foregoing, the Court finds that the ALJ did not err in discounting the opinion of Dr. Blair.

Plaintiff also argues that the hypothetical question posed to the VE did not incorporate all of Plaintiff's alleged limitations and, thus, the response to the same cannot be deemed substantial evidence supporting the ALJ's decision.

Having reviewed the record, the Court finds that the hypothetical accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same. In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform, such as sales clerk, cashier and weigher/checker/measurer (Tr. 28). The VE's responsive

testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge